IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: 16-52882 |
| ARTURO GARCIA A/K/A ARTHUR GARCIA, | § § | |
| DEBTOR | § | CHAPTER 13 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC. AS MORTGAGE SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE, FOR THE CSMC 2014-RPL3 TRUST, MORTGAGE-BACKED NOTES, SERIES 2014-RPL3, MOVANT | § § § § § § § § § | |
| VS. | § § | |
| ARTURO GARCIA A/K/A ARTHUR GARCIA (DEBTOR), RESPONDENT | § § | |

**MOTION FOR RELIEF FROM STAY AGAINST PROPERTY AS TO
5603 STAACK AVE., SAN ANTONIO, TX
<u>AND WAIVER OF THIRTY DAY HEARING REQUIREMENT</u>**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Select Portfolio Servicing, Inc. as mortgage servicer for Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as indenture trustee, for the CSMC 2014-RPL3 Trust, Mortgage-Backed Notes, Series 2014-RPL3, its successors in interest and/or assigns, ("Movant")

respectfully requests relief from the automatic stay of 11 U.S.C. § 362 as to the property described herein for the following cause.

1. Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code on December 13, 2016 (the "Petition Date"). This Court has jurisdiction to hear and determine this contested matter pursuant to 28 U.S.C. §§ 1334 and 157(b), and grant the relief requested pursuant to 11 U.S.C. §§ 105(a) and 362(d).

2. On the Petition Date, Debtor was indebted to Movant pursuant to an Adjustable Rate Note (the "Note"), dated December 27, 2005 in the original amount of $100,000.00, with interest thereon. Movant is the owner of the Note. The Note has been negotiated to Movant. Certain terms of the Note have been modified pursuant to a Modification of Note Agreement effective January 1, 2008 and a Modification Agreement- Limited Term Interest Only effective April 18, 2014. A true copy of the Note and the Modification Agreements are attached hereto and incorporated herein as Exhibit "A".

3. The Note is secured by a Deed of Trust (the "Security Instrument"), dated December 27, 2005 which is recorded in the county real property records. Movant is the assignee of the Security Instrument. A true copy of the recorded Security Instrument and all recorded assignments are attached hereto and incorporated as Exhibit "B" and Exhibit "C", respectfully. The Security Instrument grants a lien on the real property at 5603 Staack Ave., San Antonio, TX 78240, legally described as:

> LOT 5, BLOCK 13, NEW CITY BLOCK 14633, OAK HILLS TERRACE UNIT 3 IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 5300, PAGE(S) 86, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

(the "Property").

4. Debtor is in breach of the Note and Security Instrument. Pursuant to the Movant's books and records, as of May 15, 2017, the Note is due post-petition for the January 1, 2017 payment and all subsequent post-petition payments. In support of this Motion, is a business records affidavit or declaration executed by either a custodian of the business records, a Vice President - Document Control, or other qualified witness for Movant is attached hereto and incorporated herein as Exhibit "D".

5. The failure to pay the post-petition monthly installments when due under the Note constitutes cause to terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

6. According to the Movant's books and records and the County Appraisal District records, there may be equity in the Property. Pursuant to the Movant's books and records as of May 15, 2017, the unpaid amount due and owing on the Note is $113,834.41. Pursuant to the Bexar County Appraisal District, the value of the Property is $130,640.00. Movant has no conducted an appraisal of the Property.

7. The entity which has the right to foreclose is Select Portfolio Servicing, Inc. as mortgage servicer for Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as indenture trustee, for the CSMC 2014-RPL3 Trust, Mortgage-Backed Notes, Series 2014-RPL3, by virtue of being the holder and owner of the Note.

8. As a matter of equity, Movant requests that upon termination of the stay pursuant to this motion or pursuant to a subsequent Certificate of Default and Notice of Termination of Stay filed in accordance with any agreed order conditioning or modifying the stay, that the Movant not be required to file any subsequent Notices of Payment Change or Notices of Fees, Expenses or Charges as to the Property as required by Bankruptcy Rule 3002.1 (b) and (c)

respectively. Once the stay has terminated to allow foreclosure, and the Trustee is no longer making any payments, no purpose is served by requiring notices under Rule 3002.1.

9. Movant requests that the fourteen (14) day stay on enforcing an order for relief imposed by Bankruptcy Rule 4001(a)(3) be waived, due to the number of months Debtor is in arrears, the value of the Property compared to the amount due, and the time necessary to notice the Property for foreclosure.

10. Movant waives the thirty (30) day hearing requirement of 11 U.S.C. § 362(e)(1).

Prayer

WHEREFORE, PREMISES CONSIDERED, Select Portfolio Servicing, Inc. as mortgage servicer for Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as indenture trustee, for the CSMC 2014-RPL3 Trust, Mortgage-Backed Notes, Series 2014-RPL3 and its successors in interest or assigns respectfully prays that this Court terminate the automatic stay as to the Property, or alternatively, condition the automatic stay to adequately protect Movant's interests, terminate the requirement to file subsequent notices of payment change or notices of post-petition charges upon termination of the automatic stay as required by Bankruptcy Rule 3002.1 (b) and (c) respectively, waive the Rule 4001(a)(3) fourteen-day requirement, and grant Movant such other relief to which Movant may show itself to be justly entitled, either at law or in equity.

Respectfully Submitted,

Grant M. Tabor / TBN 24027905
Email: gtabor@logs.com
H. Gray Burks IV / TBN 03418320
Email: gburks@logs.com
Kirk A. Schwartz / TBN 24004908
Email kschwartz@logs.com
SHAPIRO SCHWARTZ, LLP
13105 Northwest Freeway, Suite 1200
Houston, TX 77040
Telephone (713) 462-2565
Facsimile (847) 879-4856
COUNSEL FOR SELECT PORTFOLIO SERVICING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Relief from Stay Against Property was served on all persons filing a Notice of Appearance and/or Request for Notice, by CM/ECF delivery, and on the parties listed below, at the addresses indicated, via CM/ECF delivery or by deposit in the United States Mail, first-class postage pre-paid on _July 19_, 2017.

DEBTOR(S):
Arturo Garcia a/k/a Arthur Garcia
5603 Staack Ave.
San Antonio, TX 78240

DEBTOR'S ATTORNEY:
J. Todd Malaise
909 NE Loop 410, Suite 300
San Antonio, TX 78209

BANKRUPTCY TRUSTEE:
Mary K Viegelahn
Chapter 13 Trustee
10500 Heritage Blvd Suite 201
San Antonio, TX 78216

PARTIES REQUESTING NOTICES AND
PARTIES IN INTEREST
Bradley S. Balderrama
Linebarger Goggan Blair & Sampson, LLP
c/o Bexar County
711 Navarro Street, Ste 300
San Antonio, TX 78205

Mary Elizabeth Heard
Akin Gump Strauss Hauer & Feld LLP
c/o Propel Financial Services, LLC
300 Convent Street, Suite 1600
San Antonio, Texas 78205

_____
Grant M. Tabor