**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 15, 2017.**



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE:<br>ARTURO GARCIA AKA<br>ARTHUR GARCIA<br>DEBTOR<br><br>SELECT PORTFOLIO SERVICING, INC. AS MORTGAGE SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE, FOR THE CSMC 2014-RPL3 TRUST, MORTGAGE-BACKED NOTES, SERIES 2014-RPL3, ITS SUCCESSORS IN INTEREST AND/OR ASSIGNS, MOVANT<br>VS.<br>ARTURO GARCIA AKA<br>ARTHUR GARCIA<br>DEBTOR, RESPONDENT | § CASE NUMBER: 16-52882<br>§<br>§<br>§<br>§<br>§ CHAPTER 13<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## AGREED ORDER CONDITIONING AUTOMATIC STAY
(DOCKET ENTRY # 37)

On consideration of the Motion For Relief from Stay ("Motion") filed by Select Portfolio Servicing, Inc. As Mortgage Servicer For Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as indenture trustee, for the CSMC 2014-RPL3 Trust, Mortgage-Backed Notes, Series

2014-RPL3, its successors in interest and/or assigns ("Movant") and the below agreement of the parties, it is:

ORDERED that the automatic stay of 11 U.S.C. § 362 is conditioned as to the property located at 5603 Staack Avenue, San Antonio, TX 78240, legally described as:

LOT 5, BLOCK 13, NEW CITY BLOCK 14633, OAK HILLS TERRACE UNIT 3 IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 5300, PAGE(S) 86, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

("the Property") on the following conditions:

It is further ORDERED that the conditions under which the Stay shall remain in effect are as follows:

1. <u>Maintaining Ongoing Payments</u>. Pursuant to the terms of the Adjustable Rate Note, dated December 27, 2005, owned by Movant ("the Note") and secured by a Deed of Trust signed by Arturo Garcia a/k/a Arthur Garcia, ("Debtor(s)") dated December 27, 2005 ("the Deed of Trust"), Debtor(s) shall disburse directly to Movant, promptly when due, each monthly installment that falls due under the terms of the Note, beginning the first day of October 2017. These installments are currently $642.96 per month. The regular payment shall be remitted in such a manner that it is received by Movant on or before the 1st day of the month (the contractual due date) for the month in which it is due. Failure to do so shall constitute a default pursuant to the terms of this Order. Should any regular payment arrive after the expiration of the grace period provided in the Note, Movant reserves the right to assess late charges by the Note. Debtor should send all payments to the following address:

Select Portfolio Servicing, Inc.
P.O. Box 65450
Salt Lake City, Utah 84165
ATTN: BANKRUPTCY DEPARTMENT

2. Debtor shall cure the post-petition mortgage arrearage to Movant in the amount of $5,786.64 which is described as follows:

| | |
|---|---|
| January 2017 through September 2017 @ $642.96 | $5,786.64 |
| **TOTAL POST-PETITION ARREARAGE** | $5,786.64 |

3. Within thirty (30) days of entry of this Order, the total post-petition arrearage of $5,786.64 ("Total Arrearage") shall be cured by the amendment or modification of Debtor's existing Chapter 13 Plan to include the Total Arrearage as a secured claim owed to Movant. The Trustee reserves the right to object to the modification of the plan.

4. If the amended or modified Chapter 13 Plan is not filed by the thirtieth (30th) day following the entry of this Agreed Order, the stay is terminated as to the Property without further notice or action by this Court. If the Debtor(s) fail(s) to obtain an Order confirming or modifying the revised Chapter 13 Plan within ninety (90) days after this Order is entered, the stay is terminated as to the Property without further notice or action by this Court. If the Debtor(s) fall(s) behind on monthly plan payments to the Chapter 13 Trustee, such delinquency shall constitute an event of default under the terms of this Order.

It is further **ORDERED** that Debtor(s) shall maintain property insurance and provide proof of insurance to Movant as required by the Note or Deed of Trust.

It is further **ORDERED** that if Debtor(s) become(s) 31 days delinquent to the Chapter 13 Trustee on payments required by this Order or otherwise fail(s) to perform as required by this Order, Movant shall notify Debtor(s) and Debtor's counsel by mailing written notice ("Notice") of the default via regular mail to the addresses reflected for Debtor(s) and Debtor's counsel on the court's docket at the time of the Notice. If the default is not cured within ten (10) days of the date appearing on the Notice, the stay shall be terminated with respect to the Property, without further notice to Debtor(s) or further action by this Court. If the initial default is cured within ten (10) days of the date appearing on the Notice, the stay shall remain in effect. If the initial event of default is cured and a second event of default occurs, the stay shall be terminated with respect to the Property, without further notice to Debtor(s) or further action by this Court. If the automatic stay is terminated as to the Property, Movant must provide written notice to the Debtor(s), Debtor's attorney and Trustee. Once the Trustee receives such notice, no further disbursements will be made on Movant's claim.

It is further **ORDERED** that in the event the stay is terminated under the provisions of this Order, Movant its successors in interest and assigns, is authorized to any rights it may have to enforce its security interest in the Property pursuant to applicable non-bankruptcy law. By agreement, the fourteen day provision of Rule 4001(a)(3) is waived and Movant, its successors in interest and assigns, may immediately enforce and implement this Order upon termination of the Stay. Upon Termination of the Stay, the Trustee shall cease all payment to Movant.

It is further **ORDERED** that if the Property is foreclosed upon during the pendency of this bankruptcy case, any excess proceeds from such sale after payment of existing liens, including the lien held by Movant, its successors in interest and assigns, which are remitted to the Debtor, rather than to the Trustee, shall be disclosed by the Debtor(s). Within fourteen (14) days of Debtor(s) receiving any funds from a foreclosure sale, Debtor(s) shall file amended schedules disclosing the receipt of such funds. The Trustee reserves the right to seek determination from the Court that such funds are a post-petition asset of the Estate.

It is further **ORDERED** that in the event the stay is terminated under the provisions of this Order, at its option, Movant may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement including a deed in lieu as allowed by state law. Movant may contact the Debtor(s) via telephone or written correspondence to offer such an agreement.

It is further **ORDERED** that upon termination of the stay, all communications including but, not limited to, notices required by state law, sent by Movant in connection with proceeding against the property may be sent directly to the Debtor(s).

It is further **ORDERED** that in the event this bankruptcy case is converted to a case under another chapter of the Bankruptcy Code, the Stay is terminated as to the Property without further action by this Court.

It is further **ORDERED** that in the event this bankruptcy case is dismissed, the terms of this Order shall be null and void as of the date of dismissal.

It is further **ORDERED** that in the event that an Order of Discharge is entered in this bankruptcy case the terms of this Order will no longer be binding on Movant as of the date the Order of Discharge is entered.

###END OF ORDER###

Respectfully Submitted by and agreed to by:

Grant M. Tabor / TBN 24027905
Email gtabor@logs.com
Mario Cortes / TBN 24055350
Email mcortes@logs.com
Shapiro Schwartz, LLP
13105 Northwest Freeway
Suite 1200
Houston, TX 77040
Telephone: (713)462-2565
Facsimile: (847)879-4856
Attorneys for Select Portfolio Servicing, Inc.

Malaise Law Firm
909 NE Loop 410 Suite 300
San Antonio,, TX 78209
Telephone: (210)732-6699
Facsimile: (210)732-8826
Attorney for Debtor(s)

Agreed to by:

David Van Zyl, Staff Attorney, P39875
Marshall L. Armstrong, SBN: 24027037
Mary K Viegelahn
Chapter 13 Trustee
10500 Heritage Blvd Suite 201
San Antonio, TX 78216
(210) 824-1460
BK CHAPTER 13 TRUSTEE