Jennifer R. Bergh, Esq. (SBN 24103791)
Kristin Zilberstein, Esq. (SBN 24104960)
LAW OFFICES OF MICHELLE GHIDOTTI
600 E. John Carpenter Fwy. Ste. 200
Irving, Texas 75062
Ph: (949) 427-2010
Fax: (949) 427-2732
jbergh@ghidottilaw.com

**Attorneys for Movant,**
US Bank Trust National Association.,
as trustee of the Tiki Series III Trust, its successors and assigns

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: | § CASE NO.: 16-52882 -CAG |
| | § |
| **ARTURO GARCIA** | § CHAPTER 13 |
| | § |
| DEBTOR, | § |
| | § |
| | § |
| **US BANK TRUST NATIONAL** | § |
| **ASSOCIATION., AS TRUSTEE** | § |
| **OF THE TIKI SERIES,** | § |
| | § |
| MOVANT, | § |
| | § |
| **ARTURO GARCIA** | § |
| | |
| RESPONDENT. | |

## AFFIDAVIT OF ADAM THURSBY
## FOR US BANK TRUST NATIONAL ASSOCIATION., AS TRUSTEE OF THE TIKI SERIES III TRUST

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |
| | § |

"Affiant, being duly sworn, deposes and says that:

1. My name is Adam Thursby, I am of sound mind, capable of making this affidavit,

---
1
AFFIDAVIT OF ADAM THURSBY

and am personally acquainted with the facts herein stated.

2. I am employed by the Law Office of Michelle Ghidotti. The Law Office of Michelle Ghidotti represents US Bank Trust National Association., as Trustee of the Tiki Series III Trust ("**Movant**").

3. I make this affidavit based upon the facts testified herein, all of which are in my personal knowledge, unless stated upon information and belief. As to the statements made upon information and belief, I believe them to be true. If called as a witness, I could and would competently testify thereto.

4. I am personally familiar with the books, records and files of the case that pertain to Debtor Arturo Garcia, ("**Debtor**") concerning the property commonly known as 5603 Staack Ave, San Antonio, TX 78240 (the "**Property**"). I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

5. On July 19, 2017, a Motion for Relief from the Automatic Stay was filed by movant, asserting that Debtor was in default for failing to tender no less than five (5) post-petition monthly payments as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 01/01/17-05/01/17 | 5 @ $642.96 | = | $3,214.80 |
| **Total Default** | | = | **$3,214.80** |

6. The Parties subsequently agreed to an APO and Movant's hearing was taken off Calendar.

7. Debtor and Movant entered into an APO in which Debtor was required to file an Amended

Plan within 30 days of the entry of the APO, to provide for the cure of the post-petition arrears default. The APO also required movant to maintain ongoing payments pursuant to the terms of the Note. A true and correct copy of the APO is attached hereto as **Exhibit "A"**.

8. The Law Office of Michelle Ghidotti caused to be served a Notice of Default under the APO. A true and correct copy of the Letter is attached hereto as **Exhibit "B"**.

9. Debtors have failed to cure within ten (10) days of the APO default letter.

10. I solemnly affirm under the penalty of perjury and upon personal knowledge that the contents of the foregoing affidavit, and I am submitting this affidavit on behalf of Movant, US Bank Trust National Association., as trustee of the Tiki Series III Trust.

Further Affiant sayeth not."

By: *(signature)*
Adam Thursby, Affiant

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Orange )

On November 13, 2018 before me, Yeimi Aparicio
(insert name and title of the officer)

personally appeared Adam Thursby,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

YEIMI APARICO GARCIA
Notary Public - California
Orange County
Commission # 2248078
My Comm. Expires Jun 29, 2022

# EXHIBIT "A"

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 15, 2017.**



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § <br> ARTURO GARCIA AKA § <br> ARTHUR GARCIA § <br> DEBTOR § <br> § <br> § <br> SELECT PORTFOLIO SERVICING, INC. AS § <br> MORTGAGE SERVICER FOR CHRISTIANA § <br> TRUST, A DIVISION OF WILMINGTON § <br> SAVINGS FUND SOCIETY, FSB, AS § <br> INDENTURE TRUSTEE, FOR THE CSMC § <br> 2014-RPL3 TRUST, MORTGAGE-BACKED § <br> NOTES, SERIES 2014-RPL3, ITS § <br> SUCCESSORS IN INTEREST AND/OR § <br> ASSIGNS, MOVANT § <br> VS. § <br> ARTURO GARCIA AKA § <br> ARTHUR GARCIA § <br> DEBTOR, RESPONDENT § | CASE NUMBER: 16-52882 <br><br><br><br><br> CHAPTER 13 |

**AGREED ORDER CONDITIONING AUTOMATIC STAY**
(DOCKET ENTRY # 37)

On consideration of the Motion For Relief from Stay ("Motion") filed by Select Portfolio Servicing, Inc. As Mortgage Servicer For Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as indenture trustee, for the CSMC 2014-RPL3 Trust, Mortgage-Backed Notes, Series

2014-RPL3, its successors in interest and/or assigns ("Movant") and the below agreement of the parties, it is:

ORDERED that the automatic stay of 11 U.S.C. § 362 is conditioned as to the property located at 5603 Staack Avenue, San Antonio, TX 78240, legally described as:

LOT 5, BLOCK 13, NEW CITY BLOCK 14633, OAK HILLS TERRACE UNIT 3 IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 5300, PAGE(S) 86, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

("the Property") on the following conditions:

It is further ORDERED that the conditions under which the Stay shall remain in effect are as follows:

1. <u>Maintaining Ongoing Payments</u>. Pursuant to the terms of the Adjustable Rate Note, dated December 27, 2005, owned by Movant ("the Note") and secured by a Deed of Trust signed by Arturo Garcia a/k/a Arthur Garcia, ("Debtor(s)") dated December 27, 2005 ("the Deed of Trust"), Debtor(s) shall disburse directly to Movant, promptly when due, each monthly installment that falls due under the terms of the Note, beginning the first day of October 2017. These installments are currently $642.96 per month. The regular payment shall be remitted in such a manner that it is received by Movant on or before the 1st day of the month (the contractual due date) for the month in which it is due. Failure to do so shall constitute a default pursuant to the terms of this Order. Should any regular payment arrive after the expiration of the grace period provided in the Note, Movant reserves the right to assess late charges by the Note. Debtor should send all payments to the following address:

Select Portfolio Servicing, Inc.
P.O. Box 65450
Salt Lake City, Utah 84165
ATTN: BANKRUPTCY DEPARTMENT

2. Debtor shall cure the post-petition mortgage arrearage to Movant in the amount of $5,786.64 which is described as follows:

| January 2017 through September 2017 @ $642.96 | $5,786.64 |
|---|---|
| **TOTAL POST-PETITION ARREARAGE** | $5,786.64 |

3. Within thirty (30) days of entry of this Order, the total post-petition arrearage of $5,786.64 ("Total Arrearage") shall be cured by the amendment or modification of Debtor's existing Chapter 13 Plan to include the Total Arrearage as a secured claim owed to Movant. The Trustee reserves the right to object to the modification of the plan.

4. If the amended or modified Chapter 13 Plan is not filed by the thirtieth (30th) day following the entry of this Agreed Order, the stay is terminated as to the Property without further notice or action by this Court. If the Debtor(s) fail(s) to obtain an Order confirming or modifying the revised Chapter 13 Plan within ninety (90) days after this Order is entered, the stay is terminated as to the Property without further notice or action by this Court. If the Debtor(s) fall(s) behind on monthly plan payments to the Chapter 13 Trustee, such delinquency shall constitute an event of default under the terms of this Order.

It is further **ORDERED** that Debtor(s) shall maintain property insurance and provide proof of insurance to Movant as required by the Note or Deed of Trust.

It is further **ORDERED** that if Debtor(s) become(s) 31 days delinquent to the Chapter 13 Trustee on payments required by this Order or otherwise fail(s) to perform as required by this Order, Movant shall notify Debtor(s) and Debtor's counsel by mailing written notice ("Notice") of the default via regular mail to the addresses reflected for Debtor(s) and Debtor's counsel on the court's docket at the time of the Notice. If the default is not cured within ten (10) days of the date appearing on the Notice, the stay shall be terminated with respect to the Property, without further notice to Debtor(s) or further action by this Court. If the initial default is cured within ten (10) days of the date appearing on the Notice, the stay shall remain in effect. If the initial event of default is cured and a second event of default occurs, the stay shall be terminated with respect to the Property, without further notice to Debtor(s) or further action by this Court. If the automatic stay is terminated as to the Property, Movant must provide written notice to the Debtor(s), Debtor's attorney and Trustee. Once the Trustee receives such notice, no further disbursements will be made on Movant's claim.

It is further **ORDERED** that in the event the stay is terminated under the provisions of this Order, Movant its successors in interest and assigns, is authorized to any rights it may have to enforce its security interest in the Property pursuant to applicable non-bankruptcy law. By agreement, the fourteen day provision of Rule 4001(a)(3) is waived and Movant, its successors in interest and assigns, may immediately enforce and implement this Order upon termination of the Stay. Upon Termination of the Stay, the Trustee shall cease all payment to Movant.

It is further **ORDERED** that if the Property is foreclosed upon during the pendency of this bankruptcy case, any excess proceeds from such sale after payment of existing liens, including the lien held by Movant, its successors in interest and assigns, which are remitted to the Debtor, rather than to the Trustee, shall be disclosed by the Debtor(s). Within fourteen (14) days of Debtor(s) receiving any funds from a foreclosure sale, Debtor(s) shall file amended schedules disclosing the receipt of such funds. The Trustee reserves the right to seek determination from the Court that such funds are a post-petition asset of the Estate.

It is further **ORDERED** that in the event the stay is terminated under the provisions of this Order, at its option, Movant may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement including a deed in lieu as allowed by state law. Movant may contact the Debtor(s) via telephone or written correspondence to offer such an agreement.

It is further **ORDERED** that upon termination of the stay, all communications including but, not limited to, notices required by state law, sent by Movant in connection with proceeding against the property may be sent directly to the Debtor(s).

It is further **ORDERED** that in the event this bankruptcy case is converted to a case under another chapter of the Bankruptcy Code, the Stay is terminated as to the Property without further action by this Court.

It is further **ORDERED** that in the event this bankruptcy case is dismissed, the terms of this Order shall be null and void as of the date of dismissal.

It is further **ORDERED** that in the event that an Order of Discharge is entered in this bankruptcy case the terms of this Order will no longer be binding on Movant as of the date the Order of Discharge is entered.

###END OF ORDER###

Respectfully Submitted by and agreed to by:

Grant M. Tabor / TBN 24027905
Email gtabor@logs.com
Mario Cortes / TBN 24055350
Email mcortes@logs.com
Shapiro Schwartz, LLP
13105 Northwest Freeway
Suite 1200
Houston, TX 77040
Telephone: (713)462-2565
Facsimile: (847)879-4856
Attorneys for Select Portfolio Servicing, Inc.

Malaise Law Firm
909 NE Loop 410 Suite 300
San Antonio,, TX 78209
Telephone: (210)732-6699
Facsimile: (210)732-8826
Attorney for Debtor(s)

Agreed to by:

David Van Zyl, Staff Attorney, P39875
Marshall L. Armstrong, SBN: 24027037
Mary K Viegelahn
Chapter 13 Trustee
10500 Heritage Blvd Suite 201
San Antonio, TX 78216
(210) 824-1460
BK CHAPTER 13 TRUSTEE

# EXHIBIT "B"



THE LAW OFFICES OF
MICHELLE GHIDOTTI

October 15, 2018

**OUR FILE NUMBER:**
1301-5273

<u>***Via U.S. Mail and Electronic Mail***</u>
*Mr. J Todd Malaise*
*909 NE Loop 410, Suite 300*
*San Antonio, TX 78209*
*(210) 732-6699*
*Fax : (210) 732-5826*
*Email: notices@malaiselawfirm.com*

Re:  Mr. Arturo Garcia (the "**Debtor**"); Failure to Tender Payments per the Adequate Protection Order; Loan No.: REDACT (the "**Loan**"); 5603 Staack Ave, San Antonio, TX 78240; ("**Property**")

Dear Mr. Malaise:

As you are aware we represent US Bank Trust National Association., as trustee of the Tiki Series III Trust ("**Creditor**"). The purpose of this letter is to notify you of a default under the Adequate Protection Order entered on September 15, 2017 (the "**Order**"). A copy of the Order is enclosed herewith for your reference.

Pursuant to the terms of the Adequate Protection Order ("APO"), the Debtor was required to maintain current on all post-petition monthly mortgage payments commencing October 1, 2017 and continuing the 1st day of each subsequent month to Creditor. Our client has informed us that as of today, the Debtor has defaulted under the terms of the APO by failing to submit monthly mortgage payments for the months of August 2017 through October 2018.

The default is calculated as follows:

15 monthly mortgage payments     @ 642.96     =     $9,644.40

(Payments Due for August 1, 2017 through October 1, 2018)

Total Monthly Mortgage Default:     **$9644.40**

Attorneys fees     $150.00

Total Default:     **$9794.40**

1920 Old Tustin • Santa Ana, CA 92705
Phone: (949) 427-2010 • Fax: (949) 427-2732
www.ghidottilaw.com

As set forth in the APO, this letter shall constitute the 10 day written notice required under the terms of the APO. If payment is not received by our client on or before **October 25, 2018**, we will lodge an order seeking to have the automatic stay lifted.

If you have any questions, please call the undersigned.

Best Regards,

THE LAW OFFICES OF MICHELLE GHIDOTTI

Adam Thursby, Esq.

Encls.

CC:    Arturo Garcia
5603 Staack Ave.
San Antonio, TX 78240

IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: September 15, 2017.



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE:<br>ARTURO GARCIA AKA<br>ARTHUR GARCIA<br>DEBTOR | §§§§§ | CASE NUMBER: 16-52882 |
| | § | CHAPTER 13 |
| SELECT PORTFOLIO SERVICING, INC. AS MORTGAGE SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE, FOR THE CSMC 2014-RPL3 TRUST, MORTGAGE-BACKED NOTES, SERIES 2014-RPL3, ITS SUCCESSORS IN INTEREST AND/OR ASSIGNS, MOVANT<br>VS.<br>ARTURO GARCIA AKA<br>ARTHUR GARCIA<br>DEBTOR, RESPONDENT | §§§§§§§§§§§§§§§ | |

### AGREED ORDER CONDITIONING AUTOMATIC STAY
(DOCKET ENTRY # 37)

On consideration of the Motion For Relief from Stay ("Motion") filed by Select Portfolio Servicing, Inc. As Mortgage Servicer For Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as indenture trustee, for the CSMC 2014-RPL3 Trust, Mortgage-Backed Notes, Series

2014-RPL3, its successors in interest and/or assigns ("Movant") and the below agreement of the parties, it is:

ORDERED that the automatic stay of 11 U.S.C. § 362 is conditioned as to the property located at 5603 Staack Avenue, San Antonio, TX 78240, legally described as:

LOT 5, BLOCK 13, NEW CITY BLOCK 14633, OAK HILLS TERRACE UNIT 3 IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 5300, PAGE(S) 86, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

("the Property") on the following conditions:

It is further ORDERED that the conditions under which the Stay shall remain in effect are as follows:

1. <u>Maintaining Ongoing Payments</u>. Pursuant to the terms of the Adjustable Rate Note, dated December 27, 2005, owned by Movant ("the Note") and secured by a Deed of Trust signed by Arturo Garcia a/k/a Arthur Garcia, ("Debtor(s)") dated December 27, 2005 ("the Deed of Trust"), Debtor(s) shall disburse directly to Movant, promptly when due, each monthly installment that falls due under the terms of the Note, beginning the first day of October 2017. These installments are currently $642.96 per month. The regular payment shall be remitted in such a manner that it is received by Movant on or before the 1st day of the month (the contractual due date) for the month in which it is due. Failure to do so shall constitute a default pursuant to the terms of this Order. Should any regular payment arrive after the expiration of the grace period provided in the Note, Movant reserves the right to assess late charges by the Note. Debtor should send all payments to the following address:

Select Portfolio Servicing, Inc.
P.O. Box 65450
Salt Lake City, Utah 84165
ATTN: BANKRUPTCY DEPARTMENT

2. Debtor shall cure the post-petition mortgage arrearage to Movant in the amount of $5,786.64 which is described as follows:

| | |
|---|---|
| January 2017 through September 2017 @ $642.96 | $5,786.64 |
| **TOTAL POST-PETITION ARREARAGE** | $5,786.64 |

3. Within thirty (30) days of entry of this Order, the total post-petition arrearage of $5,786.64 ("Total Arrearage") shall be cured by the amendment or modification of Debtor's existing Chapter 13 Plan to include the Total Arrearage as a secured claim owed to Movant. The Trustee reserves the right to object to the modification of the plan.

4. If the amended or modified Chapter 13 Plan is not filed by the thirtieth (30th) day following the entry of this Agreed Order, the stay is terminated as to the Property without further notice or action by this Court. If the Debtor(s) fail(s) to obtain an Order confirming or modifying the revised Chapter 13 Plan within ninety (90) days after this Order is entered, the stay is terminated as to the Property without further notice or action by this Court. If the Debtor(s) fall(s) behind on monthly plan payments to the Chapter 13 Trustee, such delinquency shall constitute an event of default under the terms of this Order.

It is further **ORDERED** that Debtor(s) shall maintain property insurance and provide proof of insurance to Movant as required by the Note or Deed of Trust.

It is further **ORDERED** that if Debtor(s) become(s) 31 days delinquent to the Chapter 13 Trustee on payments required by this Order or otherwise fail(s) to perform as required by this Order, Movant shall notify Debtor(s) and Debtor's counsel by mailing written notice ("Notice") of the default via regular mail to the addresses reflected for Debtor(s) and Debtor's counsel on the court's docket at the time of the Notice. If the default is not cured within ten (10) days of the date appearing on the Notice, the stay shall be terminated with respect to the Property, without further notice to Debtor(s) or further action by this Court. If the initial default is cured within ten (10) days of the date appearing on the Notice, the stay shall remain in effect. If the initial event of default is cured and a second event of default occurs, the stay shall be terminated with respect to the Property, without further notice to Debtor(s) or further action by this Court. If the automatic stay is terminated as to the Property, Movant must provide written notice to the Debtor(s), Debtor's attorney and Trustee. Once the Trustee receives such notice, no further disbursements will be made on Movant's claim.

It is further **ORDERED** that in the event the stay is terminated under the provisions of this Order, Movant its successors in interest and assigns, is authorized to any rights it may have to enforce its security interest in the Property pursuant to applicable non-bankruptcy law. By agreement, the fourteen day provision of Rule 4001(a)(3) is waived and Movant, its successors in interest and assigns, may immediately enforce and implement this Order upon termination of the Stay. Upon Termination of the Stay, the Trustee shall cease all payment to Movant.

It is further **ORDERED** that if the Property is foreclosed upon during the pendency of this bankruptcy case, any excess proceeds from such sale after payment of existing liens, including the lien held by Movant, its successors in interest and assigns, which are remitted to the Debtor, rather than to the Trustee, shall be disclosed by the Debtor(s). Within fourteen (14) days of Debtor(s) receiving any funds from a foreclosure sale, Debtor(s) shall file amended schedules disclosing the receipt of such funds. The Trustee reserves the right to seek determination from the Court that such funds are a post-petition asset of the Estate.

It is further **ORDERED** that in the event the stay is terminated under the provisions of this Order, at its option, Movant may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement including a deed in lieu as allowed by state law. Movant may contact the Debtor(s) via telephone or written correspondence to offer such an agreement.

It is further **ORDERED** that upon termination of the stay, all communications including but, not limited to, notices required by state law, sent by Movant in connection with proceeding against the property may be sent directly to the Debtor(s).

It is further **ORDERED** that in the event this bankruptcy case is converted to a case under another chapter of the Bankruptcy Code, the Stay is terminated as to the Property without further action by this Court.

It is further **ORDERED** that in the event this bankruptcy case is dismissed, the terms of this Order shall be null and void as of the date of dismissal.

It is further **ORDERED** that in the event that an Order of Discharge is entered in this bankruptcy case the terms of this Order will no longer be binding on Movant as of the date the Order of Discharge is entered.

###END OF ORDER###

Respectfully Submitted by and agreed to by:

Grant M. Tabor / TBN 24027905
Email gtabor@logs.com
Mario Cortes / TBN 24055350
Email mcortes@logs.com
Shapiro Schwartz, LLP
13105 Northwest Freeway
Suite 1200
Houston, TX 77040
Telephone: (713)462-2565
Facsimile: (847)879-4856
Attorneys for Select Portfolio Servicing, Inc.

Malaise Law Firm
909 NE Loop 410 Suite 300
San Antonio,, TX 78209
Telephone: (210)732-6699
Facsimile: (210)732-8826
Attorney for Debtor(s)

Agreed to by:

David Van Zyl, Staff Attorney, P39875
Marshall L. Armstrong, SBN: 24027037
Mary K Viegelahn
Chapter 13 Trustee
10500 Heritage Blvd Suite 201
San Antonio, TX 78216
(210) 824-1460
BK CHAPTER 13 TRUSTEE

Jennifer Bergh, Esq. (SBN 24103791)
Kristin Zilberstein, Esq. (SBN 24104960)
LAW OFFICES OF MICHELLE GHIDOTTI
600 E John Carpenter Fwy., ste. 200
Irving TX 75062
Ph: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

**Attorney for Creditor,**
US Bank Trust National Association as Trustee of the Tiki Series III Trust, its successors and

assigns

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.: 16-52882-CAG |
| | § | |
| **Arturo Garcia,** | § | CHAPTER 13 |
| | § | |
| **DEBTORS,** | § | **CERTIFICATE OF SERVICE** |
| | § | |

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of

eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave.,

Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of

correspondence for mailing with the United States Postal Service; such correspondence would

---

1
CERTIFICATE OF SERVICE

be deposited with the United States Postal Service the same day of deposit in the ordinary

course of business.

On November 13, 2018 I served the following documents described as:

- **AFFIDAVIT OF ADAM THURSBY**
- **ORDER**

on the interested parties in this action by placing a true and correct copy thereof in a sealed

envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Arturo Garcia<br>5603 Staack Ave.<br>San Antonio, TX 78240<br><br>**Debtors' Counsel**<br>J. Todd Malaise<br>909 NE Loop 410, Suite 300<br>San Antonio, TX 78209 | **Chapter Trustee**<br>Mary K Viegelahn<br>Chapter 13 Trustee<br>10500 Heritage Blvd Suite 201<br>San Antonio, TX 78216<br><br>Mary K. Viegelahn10<br>San Antonio Chapter 13 Trustee<br>909 NE Loop 410, Suite 400<br>San Antonio, TX 78209 |
|---|---|

_xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

///

///

__xx_(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on November 13, 2018 at Santa Ana, California

/*s / Jennifer Bergh*
Jennifer Bergh